Civil Action No. 1:25-cv-1358-SBP

JULIAN JENKINS and LYDIA
PERRYMAN, individually and on behalf of
all others similarly situated,

                    Plaintiffs,

v.

DAVITA, INC.,

                    Defendant.

Civil Action No. 1:25-cv-1362-CYC

IVAN THOMAS REID, JR., individually and
on behalf of all others similarly situated,

                    Plaintiff,

v.

DAVITA, INC.,

                    Defendant.

Civil Action No. 1:25-cv-1488-TPO

BRENDA PEARSON, individually and on
behalf of all others similarly situated,

                    Plaintiff,

v.

DAVITA, INC.

                    Defendant.

Civil Action No. 1:25-cv-1607-PAB-SBP

STEPHEN FORTIN, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

DAVITA, INC.

Defendant.

Civil Action No. 1:25-cv-1687-SBP

ANTHONY NATOLI., individually and on
behalf of all others similarly situated,

Plaintiff,

v.

DAVITA, INC.,

Defendant.

**PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM
CO-LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs in five related cases, *Jenkins v. DaVita, Inc.*, No. 1:25-cv-1358 (*Jenkins*), *Reid v. DaVita, Inc.*, No. 1:25-cv-1362 (*Reid*), *Pearson v. DaVita, Inc.*, No. 1:25-cv-1488 (*Pearson*), *Reid v. DaVita, Inc.*, No. 1:25-cv-1607 (*Fortin*), and *Natoli v. DaVita, Inc.*, No. 1:25-cv-1687 (*Natoli*) (collectively, the "Related Actions"), by and through the undersigned counsel, respectfully move the Court for an Order consolidating the above-captioned matters and appointing Bart D. Cohen of Bailey Glasser LLP, J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, and Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Interim Co-Lead Counsel, and Maureen Brady of McShane & Brady, LLC, Mark Reich of Levi & Korsinsky LLP, and Marc Edelson of Edelson Lechtzin LLP to Plaintiffs' Executive Committee. Plaintiffs further request that the Court stay the Related Actions, including any of the Defendant's responsive pleading deadlines, and require the filing of a consolidated class action complaint ("Consolidated Complaint") within 30 days of entry of an order consolidating the cases and appointing leadership. For the reasons set forth below, Plaintiffs' Motion to Consolidate Cases and Appoint Class Counsel should be granted. A proposed Order is respectfully tendered herewith.

## I.      INTRODUCTION

*Jenkins* (filed April 30, 2025), *Reid* (filed April 30, 2025), *Pearson* (filed May 12, 2025), *Fortin* (filed May 21, 2025), and *Natoli* (filed May 29, 2025) are related class actions involving common questions of law and fact. Plaintiffs assert overlapping claims on behalf of overlapping putative classes. All of the cases arise from a data breach on the systems of defendant DaVita, Inc. ("DaVita"), and its alleged failure to implement reasonable cybersecurity safeguards, which Plaintiffs allege resulted in the unauthorized disclosure of their personally identifiable information ("PII") and personal health information ("PHI") to cybercriminals bent on identity theft and fraud

(the "Data Breach"). To remedy the harms caused by the Data Breach, Plaintiffs Julian Jenkins and Lydia Perryman filed a proposed class action on April 30, 2025. Alleging the same failures, the other named Plaintiffs filed subsequent class action complaints, and present the same questions of fact and law. In *Jenkins*, Plaintiffs allege that DaVita experienced a cyberattack on or around April 12, 2025, in which cybercriminals accessed sensitive personal information, copying 20 terabytes of sensitive patient data from DaVita and listing it for sale on the dark web. *Jenkins*, Compl. (ECF 1) ¶¶ 1-4. Plaintiffs in the subsequently-filed actions make substantially similar factual allegations.

The claims alleged in all related cases are also similar. Plaintiffs collectively allege the following causes of action: negligence, negligence *per se*, invasion of privacy, breach of contract, breach of confidence/fiduciary duty of confidentiality, and violation of the Colorado Consumer Protection Act, Colo. Rev, Stat. § 6-1-101, *et seq*. Though the complaints vary slightly, they all seek the same result—to redress Plaintiffs' harms caused by the Data Breach. Thus, to promote the efficient resolution of all matters, and in accordance with Fed. R. Civ. 42(a) and Local Rule 42.1, Plaintiffs request consolidation of the four later matters into the first-filed matter. As of the date of this filing, Plaintiffs are unaware of any other class actions that have been filed in this District related to the Data Breach.

Plaintiffs further request that Bart D. Cohen of Bailey Glasser, LLP, J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, and Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC be appointed Interim Co-Lead Counsel, and Maureen Brady of McShane & Brady, LLC, Mark Reich of Levi & Korsinsky LLP, and Marc Edelson of Edelson Lechtzin LLP be appointed to Plaintiffs' Executive Committee. Appointment of interim class counsel here is

particularly appropriate because, as described below, it is important for Plaintiffs' counsel representing the putative class to speak with one voice. Appointment of interim class counsel now will clarify the roles and responsibilities of counsel on behalf of the class. The risk of declining immediate appointment of interim class counsel includes: (1) duplicative and unnecessary litigation resulting in inefficiencies to the parties and the courts, and (2) a "reverse auction" whereby the lawyers who may subsequently file related cases seek to "sell" a settlement to the defendant at the lowest amount. Only through prompt appointment of well-qualified interim class counsel will the parties and the Court be assured of avoiding these developments.

Plaintiffs have consulted with counsel for DaVita. DaVita does not oppose consolidation of the cases and takes no position as to Plaintiffs' request to appoint Interim Co-Lead Counsel.[1]

I.     ARGUMENT

   **A.  The Court Should Consolidate the Related Actions.**

The Court should consolidate the Related Actions because they present the same questions of law and fact. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "District courts enjoy substantial

---

[1] DaVita's counsel has advised proposed Interim Co-Lead Counsel that DaVita does not oppose consolidation of the Related Actions for purposes of judicial economy, but disputes the allegations in the Related Actions, disputes that it is liable to Plaintiffs in any way, and disputes any suggestion that Plaintiffs' claims are appropriate for class adjudication.

discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). "The purpose of Rule 42(a) is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Decoteau v. Raemisch*, 304 F.R.D. 683, 691 (D. Colo. 2014) (internal quotation marks omitted). In addition to examining whether the cases involve common questions of law or fact, courts also consider judicial economy and fairness to the parties in exercising its discretion. *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982). "Rulings on motions to consolidate shall be given priority." D. Colo. L.R. 42.1.

The Court should consolidate the Related Actions because (1) they involve common questions of law and fact; (2) judicial economy favors consolidation; and (3) fairness to the parties also favors consolidation. Common questions of law and fact predominate with respect to the Related Actions. In fact, the five cases are virtually identical in that they address the same alleged conduct by DaVita, and the same data security incident. No party would be prejudiced as all cases are in their early stages, with all complaints being filed in recent weeks. Moreover, there is no need to incur the added expense of duplicate discovery and motion practice, which would only serve to waste time, monetary resources, and judicial resources without any benefit to any party.

For these reasons, consolidation of the four later-filed cases into the first-filed action is the superior option for ensuring consistent rulings and findings of fact while ensuring the most efficient resolution. The Court should grant Plaintiffs' motion and consolidate these actions.

### B. The Court Should Appoint Bart D. Cohen, J. Gerard Stranch, IV, and Gary Klinger as Interim Co-Lead Counsel.

Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a

class action." *See also Ehler v. IPEX, Inc.*, 2009 WL 1392075, at *2 (D. Colo. May 15, 2009) (appointing leadership structure at early stage of proposed class action).

When assessing Rule 23(g)(3), courts often rely on the Advisory Committee Notes accompanying the rule, which provide that interim counsel should be appointed when needed to protect the putative class and its interests. The Notes provide that "[t]ime may be needed to explore designation of class counsel under Rule 23(g)" and "in many cases the need to progress toward the certification determination may require designation of interim counsel." Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The appointment of interim class counsel at a relatively early stage in this litigation is in the best interests of the parties, the proposed class, and the Court. The designation of interim co-lead class counsel will help "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Fed. Judicial Ctr., Manual for Complex Litigation § 21.11, at 246 (4th ed. 2004) ("MCL"). *See also id.* § 10.22 "In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged."); *id.* § 21.272 (private ordering is "[b]y far the most common" approach for selecting lead counsel).

In short, the appointment of proposed Interim Co-Lead Counsel will provide efficiencies to the parties and the Court and will avoid uncertainty and confusion regarding who may speak for the putative Class. This is of particular importance as the parties begin to discuss topics such as scheduling and discovery in the Related Actions. With these goals and considerations in mind, Plaintiffs request that the Court appoint Bart. D. Cohen of Bailey Glasser LLP, J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, and Gary Klinger of Milberg Coleman Bryson Phillips

Grossman, PLLC as Interim Co- Lead Counsel, and Maureen Brady of McShane & Brady, LLC, Mark Reich of Levi & Korsinsky LLP, and Marc Edelson of Edelson Lechtzin LLP to Plaintiffs' Executive Committee.

In appointing lead counsel, a court should "conduct an independent review … to ensure that counsel appointed to lead roles are qualified and responsible, that they will fairly and adequately represent all the parties on their side, and that their charges will be reasonable." MCL § 10.22. Fed. R. Civ. P. 23(g) states four factors that courts should look to in selecting class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Rule also contemplates that the court may "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(l)(B).

Analysis of the relevant factors reflects that proposed Interim Co-Lead Counsel are well suited to serve as lead counsel in this matter. They collectively have decades of experience litigating class actions. Their knowledge of the relevant law is superior. And they have committed and will continue to commit extensive resources to the efficient, but thorough, litigation of this matter.

### 1. The Work That Proposed Interim Co-Lead Counsel Has Already Done Supports Their Appointment.

Fed. R. Civ. P. 23 (g)(1)(A)(i) directs the Court to consider "the work counsel has done in identifying and investigating" claims in the present action when weighing the appointment of lead counsel. Proposed Interim Co-Lead Counsel have invested significant time in this case, including

pre-filing investigation, interviewing potential clients, researching the potential claims, drafting the complaints, and preparing this Motion now before the Court. They have demonstrated the ability to work cooperatively with others, including both DaVita and other attorneys for Plaintiffs, and anticipating implementing protocols to ensure the efficient, non-duplicative, and cost-effective prosecution of this matter. These actions demonstrate counsel's willingness and ability to prosecute the Related Actions on behalf of the putative Class to the fullest extent possible. Proposed Interim Co-Lead Counsel's work to date includes the following:

**First,** proposed Interim Co-Lead Counsel independently investigated the facts and circumstances surrounding the case, including, *inter alia*: DaVita's alleged failures to safeguard and maintain Plaintiffs and Class Members' sensitive private information, DaVita's public statements regarding the events surrounding these failures, media reporting and commentary, and affected individuals' experiences with respect to the Data Breach.

**Second,** proposed Interim Co-Lead Counsel devoted extensive time to researching the relevant law, and applying their experience, to prepare detailed Complaints.

**Third,** proposed Interim Co-Lead Counsel filed the first lawsuits against DaVita related to the Data Breach.

**Fourth**, proposed Interim Co-Lead Counsel spent significant time communicating with and interviewing class members who have contacted them, expressed interest in the case, and sought more information about the case and the underlying issues.

**Fifth**, proposed Interim Co-Lead Counsel coordinated with one another to file this Motion now before the Court and to submit an agreed-upon leadership structure for the orderly prosecution

of this case. Proposed Interim Co-Lead Counsel will continue to expend all the time and resources necessary to advocate for Plaintiffs and the putative Class.

### 2. Proposed Interim Co-Lead Counsel's Experience in Litigating Class Actions and Other Complex Litigation Supports Their Appointment.

Fed. R. Civ. P. 23(g)(1)(A)(ii) directs the Court to consider Proposed Interim Co-Lead Counsel's experience "in handling class actions, other complex litigation, and the types of claims asserted in the [present] action." Similarly, Fed. R. Civ. P. 23(g)(1)(A)(iii) directs the Court to consider "counsel's knowledge of the applicable law" in the present case. Proposed Interim Co-Lead Counsel will formulate (in consultation with other counsel) and present Plaintiffs' positions as to substantive and procedural issues over the course of the litigation. MCL § 10.221 ("Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Here, proposed Interim Co-Lead Counsel have decades of experience prosecuting complex class action litigation on behalf of a variety of plaintiffs in a wide range of matters.

*Proposed Interim Co-Lead Counsel*

### a. Bart. D. Cohen of Bailey Glasser LLP

Bart Cohen has over 30 years of experience in class actions and other complex litigation, with an emphasis on federal antitrust litigation earlier in his career, and with an emphasis on consumer litigation since joining Bailey Glasser.

Mr. Cohen has been appointed as co-lead counsel in data breach litigation including *Barletti v. Connexin Software Inc.*, No. 2:22-cv-04676 (E.D. Pa.) (representing settlement class of over 2.9 million); *Goss v. Performance Health Technology, Ltd.*, No. 23CV34744 (Multnomah Cty. (OR) Circuit Ct.) (proposed class of over 1.7 million); *In re Community Health Sys., Inc. Data Sec. Litig.*, No. 3:23-cv-00285 (M.D. Tenn.) (proposed class of over 1.1 million); *Hudson v. Pa. State Education Ass'n*, No. 2025-CV-02411 (Dauphin Cty. (PA) Com. Pleas Ct.) (proposed class of over 500,000); *Dobson v. SimonMed Imaging, LLC*, No. 2:25-cv-00527 (D. Ariz.); and *Snedeker v. Neuro Rehab Assocs., Inc.*, No. 218-2022-CV-00802 (Rockingham Cty. (NH) Super Ct.). He has also served on the executive committee and in other supporting roles in additional data breach cases. *See, e.g., Reichbart v. Fin. Bus. Consumer Sols., Inc.*, No. 24-1876 (E.D. Pa.); *Anderson v. Fortra, LLC*, No. 23-cv-533 (D. Minn.); *Sharber v. FMC Servs., LLC*, No. 111219-D-CV (Tex. Dist. Ct.).

In *Your Towne Builders, Inc. v. Manheim Township*, Mr. Cohen was one of two co-lead counsel for a certified litigation class of real estate developers who were overcharged for connecting new construction to a municipal water system. After a bench trial and an appeal to the Commonwealth Court of Pennsylvania, the case settled for $4 million, over 80 percent of class-wide damages. *See Your Towne Builders, Inc. v. Manheim Twp.*, 303 A.3d 1126 (Pa. Commw. Ct. 2023).

Mr. Cohen is a frequent contributor to legal publications, including *Law360*, *The Legal Intelligencer*, and several publications of the American and Philadelphia Bar Associations. He has been identified as "a very strong litigator" by the *Legal 500* (2009 and 2010), and was designated a "Pennsylvania Super Lawyer," a distinction awarded to only five percent of the attorneys in the

state, for over a decade. He is a graduate of the Georgetown University Law Center. He also graduated from the University of Pennsylvania with two bachelor's degrees, from the Wharton School and the School of Engineering and Applied Science.

Bailey Glasser co-founder Benjamin L. Bailey will be working with Mr. Cohen in this litigation. Bailey & Glasser's firm resume is attached hereto as Plaintiffs' Exhibit A.

### b.  J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC

J. Gerard Stranch, IV is a third-generation trial lawyer with deep and broad experience representing consumers against some of the largest and most well-resourced companies in the country. He is the Managing Partner of Stranch, Jennings & Garvey, PLLC ("SJG")—the largest and most successful Tennessee-based class action firm. He was the lead trial attorney for the Staubus opioids case, on behalf of nine East Tennessee Counties and certain cities within those counties against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for $35 million, the largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-md-02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding Pharmacy, Inc.*, No. 13-md-02419 (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388 (D. Mass.), a case that resulted in a $590.5 million settlement shortly before trial.

Earlier in his career, Mr. Stranch was named to the 40 Under 40 list by the National Trial Lawyers Association. Indeed, when beneficial to his clients, Mr. Stranch is more than willing to take any case to trial. For example, Mr. Stranch's firm recently took Abbott Laboratories to trial in a bellwether infant formula case, which resulted in a nearly $500 million jury verdict. *Gill v. Abbott Labs.*, No. 2322-CC01251 (Mo. Cir. Ct.).

In addition, Mr. Stranch has deep experience representing consumers in class action litigation, especially in data breach cases. Indeed, Mr. Stranch has significant knowledge of the claims and defenses brought in data breach and other privacy class actions specifically because he has litigated these matters in courts across the country. For example, Mr. Stranch served as co-lead in *In re CorrectCare Data Breach Litig.*, No. 5:22-cv-319 (E.D. Ky.), negotiating a 6.49 million dollar settlement. In *Doe v. SSM & Navvis*, No. 2422-CC-00208 (Mo. Cir. Ct.) (final approval pending), the firm represented the class as class counsel, resulting in a $6.5 million settlement. In *Owens v. MGM Resorts International*, No. 2:23-cv-01480 (D. Nev.), Mr. Stranch was appointed as co-lead class counsel to represent a class of customers affected by a 2023 data breach. Along with co-counsel, Mr. Stranch negotiated a $45 million settlement as part of an agreement to resolve claims arising under both of MGM's 2019 and 2023 data breaches. In *In re Evolve Bank & Trust Customer Data Security Breach Litigation*, MDL No. 2:24-md-03127 (W.D. Tenn.) (preliminary approval pending), Mr. Stranch successfully petitioned for centralizing in an MDL and was ultimately named interim lead counsel. Mr. Stranch then successfully negotiated a nearly $12 million settlement. In *Lewis v. Mountain View Hospital, LLC*, No. 3:24-cv-00175 (M.D. Tenn.), Mr. Stranch served as lead counsel on behalf of the more than 400,000 class members and negotiated a settlement worth up to $4.4 million. And in a recent online privacy case, *Doe et al v.*

*HSCGP, Inc.*, No. 23C2513 (Tenn. Cir. Ct.), Mr. Stranch negotiated a settlement valued at approximately $23 million to redress alleged privacy violations related to disclosure of health information to Meta.

SJG's firm resume is attached hereto as Plaintiffs' Exhibit B.

### c. Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chiago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[2] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[3] Law360 recently highlighted Mr. Klinger's work in the privacy space.[4]

Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g., In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Owens v. MGM Resorts International*, Case No. 23-cv-01480 (D. Nev.) (Mr. Klinger serves as class counsel and obtained a settlement of

---

[2] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.

[3] *See* Chambers & Partners, *Gary Klinger*, https://chambers.com/lawyer/gary-klinger-usa-5:26875006; Katrina Dewey, *The 2024 Lawdragon 500 Leading Litigators in America*, *https*://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.

[4] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

$45 million in a data breach class action). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers).

Over the past 3 years, Mr. Klinger has settled on a classwide basis more than 100 class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include: *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action).[5]

---

[5] Mr. Klinger has also successfully litigated privacy class actions through class certification. *See, e.g.*, *Sewall v. Home Partners Holdings LLC*, No. A23-1662, 2024 WL 64318, at *1 (Minn. Ct. App. Jan. 2, 2024) (denying interlocutory review to an order granting class certification to a class of lessees in a landlord-tenant dispute); *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court. [6] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."[7]

A copy of Mr. Klinger's firm resume is attached hereto as Exhibit C.

### 3. Proposed Interim Co-Lead Counsel Knowledge of the Applicable Law.

The third Rule 23(g)(1)(A) factor, "counsel's knowledge of the applicable law," also favors appointing proposed Interim Co-Lead Counsel. Proposed Interim Co-Lead Counsel are knowledgeable and familiar with the legal claims at issue. Each of their respective firms regularly litigates cases involving data security. Further, as discussed above, proposed Interim Co-Lead Counsel extensively researched the claims at issue before filing their actions. Given their vast experience, proposed Interim Co-Lead Counsel are also equally knowledgeable regarding the discovery and expert needs for the instant case, and are seasoned class action litigators who are well-versed in the nuances of the class action vehicle and Rule 23.

---

[6] *See* https://milberg.com/precedent-setting-decisions/page/3/.

[7] Sam Roberts, *Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*, N.Y. TIMES, (Feb. 5, 2018), https://www.nytimes.com/2018/02/05/obituaries/melvyn-weiss-lawyer-who-fought-corporate-fraud-dies-at-82.html.

**4. Proposed Interim Co-Lead Counsel Have Committed Resources to Representing the Class and will Continue to Do So.**

Class counsel must be able to dedicate significant resources to advance the claims of the proposed Class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Proposed Interim Lead Counsel have demonstrated their collective will and ability to dedicate the necessary resources to ensure a substantial and sustainable case on behalf of the putative Class Members. As described above, each firm has thoroughly investigated, developed, and gathered evidence in support of Plaintiffs' claims against DaVita, and have already invested and committed significant resources to prosecute this case. Proposed Interim Co-Lead Counsel are diligent, organized, and effective. Their firms have taken hundreds of cases from inception to conclusion, advancing all litigation costs, and will do so here. Moving forward, proposed Interim Co-Lead Counsel will continue to staff the Related Actions with knowledgeable and experienced attorneys, supported by accomplished support staff, as they prepare pleadings, draft memoranda, conduct discovery, work with experts, and assist in trial preparation. Proposed Interim Co-Lead Counsel will maintain their commitment of resources and efforts to the Related Actions, just as they have in other successful litigation. Moreover, Proposed Interim Co-Lead Counsel's collective decades of accomplished litigation in cases like this evidence a proven history of dedicating all resources necessary to effectively litigate and resolve this matter.

## II.    CONCLUSION

For the reasons above, Plaintiffs respectfully request that the Court enter an order consolidating the Related Actions under the *Jenkins* case number, and appoint Bart D. Cohen, J. Gerard Stranch, IV, and Gary Klinger as Proposed Interim Co-Lead Counsel and Maureen Brady, Mark Reich, and Marc Edelson, to Plaintiffs' Executive Committee.

Dated: June 2, 2025

Respectfully Submitted,

_/s/ Bart D. Cohen_

Bart D. Cohen
**BAILEY GLASSER LLP**
1622 Locust Street
Philadelphia, PA 19103
(215) 274-9420
bcohen@baileyglasser.com

Benjamin L. Bailey
Victor S. Woods
**BAILEY & GLASSER, LLP**
209 Capitol Street
Charleston, WV   25301
(304) 345-6555
bbailey@baileyglasser.com
vwoods@baileyglasser.com

J. Gerard Stranch, IV
Grayson Wells
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

Gary Klinger*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN LLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Eduard Korsinsky
Mark Reich
Melissa G. Meyer
**LEVI & KORSINSKY, LLP**
33 Whitehall Street, 17th Floor
New York, NY 10004
 (212) 363-7500
ek@zlk.com
mreich@zlk.com
mmeyer@zlk.com

Jeffrey A. Berens
**JOHNSON FISTEL, PLLP**
2373 Central Park Blvd, Suite 100
Denver, CO 80238
(303) 861-1764
jeffb@johnsonfistel.com

Marc H. Edelson
Liberato P. Verderame
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
(215) 867-2399
medelson@edelson-law.com
lverderame@edelson-law.com

Maureen M. Brady*
**MCSHANE & BRADY LLC**
4006 Central Street
Kansas City, MO 64111
T: 816-888-8010
mbrady@mcshanebradylaw.com

*Attorneys for Plaintiffs and the Proposed Class*

* Applications for admission forthcoming

17

## <u>CERTIFICATE OF CONFERRAL</u>

In accordance with Local Rule 7.1, counsel for Plaintiffs in all cases have conferred and approve the relief requested in the foregoing Motion. Defendant does not oppose Plaintiffs' request for consolidation, and takes no position as to Plaintiffs' request for the appointment of interim co-lead class counsel.

Dated: June 2, 2025

_____ */s/ Bart D. Cohen* _____
Bart D. Cohen

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney of record hereby certifies that the foregoing document filed through the ECF system will be sent electronically to counsel for all parties as identified on the Notice of Electronic Filing (NEF).

Dated: June 2, 2025 _____ */s/ Bart D. Cohen* _____
Bart D. Cohen