**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-1358-SBP

JULIAN JENKINS and LYDIA PERRYMAN, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

DAVITA, INC.,

      Defendant.

Civil Action No. 1:25-cv-1362-CYC

IVAN THOMAS REID, JR., individually and on behalf of all others similarly situated,

      Plaintiff,

v.

DAVITA, INC.,

      Defendant.

Civil Action No. 1:25-cv-1488-TPO

BRENDA PEARSON, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

DAVITA, INC.

      Defendant.

| |
|---|
| Civil Action No. 1:25-cv-1607-PAB-SBP |
| STEPHEN FORTIN, individually and on behalf of all others similarly situated, |
| Plaintiff, |
| v. |
| DAVITA, INC. |
| Defendant. |
| Civil Action No. 1:25-cv-1687-SBP |
| ANTHONY NATOLI., individually and on behalf of all others similarly situated, |
| Plaintiff, |
| v. |
| DAVITA, INC., |
| Defendant. |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD COUNSEL

This matter is before the Court on Plaintiffs' Motion to Consolidate Cases and Appoint Bart D. Cohen of Bailey Glasser LLP, J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, and Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC as Interim Co-Lead Counsel, and Maureen Brady of McShane & Brady, LLC, Mark Reich of Levi & Korsinsky LLP, and Marc Edelson of Edelson Lechtzin LLP to Plaintiffs' Executive Committee. The Court has reviewed the Motion and finds that it should be granted for good cause and for the reasons stated in the Motion.

Accordingly, the Court orders that Plaintiffs' Motion is granted. The Court orders as follows:

1. Case Nos. 1:25-cv-1358, 1:25-cv-1362, 1:25-cv-1488, 1:25-cv-1607, and 1:25-cv-1687 are consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a), and the consolidated cases shall proceed under case number 1:25-cv-1358, and the case name *In re DaVita, Inc. Data Security Litigation* (the "Consolidated Action").

2. All deadlines previously set in the above-captioned cases are hereby vacated. Defendant is not required to respond to the initial complaints in these cases or in later-filed cases in which plaintiffs allege substantially similar claims.

3. Pursuant to Rule 42, the Court also orders as follows to organize this Consolidated Action:

- Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within thirty (30) days;

- Defendant will file a responsive pleading to the Consolidated Complaint within forty-five (45) days of its receipt of the Consolidated Complaint; and

- If Defendant responds by way of motion, Plaintiffs will have thirty (30) days to oppose Defendant's motion, and Defendant will have twenty-one (21) days to reply.

4. Bart D. Cohen of Bailey Glasser, J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC, and Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC are appointed as Interim Co-Lead Counsel for Plaintiffs, and Maureen Brady of McShane & Brady,

LLC, Mark Reich of Levi & Korsinsky LLP, and Marc Edelson of Edelson Lechtzin LLP are appointed to Plaintiffs' Executive Committee.

    5.    Interim Co-Lead Class Counsel shall have the responsibilities set forth below:

        a.    Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the putative Class on all matters arising during pretrial proceedings;

        b.    Coordinate the initiation and conduct of discovery on behalf of the putative Class consistent with the requirements of the applicable law and the local rules of this Court;

        c.    Convene meetings amongst counsel;

        d.    Conduct settlement negotiations on behalf of the putative Class;

        e.    Delegate tasks to other plaintiffs' counsel as needed and appropriate in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

        f.    Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

        g.    Monitor the activities of all counsel to ensure that schedules and litigation deadlines are met and unnecessary expenditures of time and funds are avoided;

        h.    Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for

          approval;

       i. Perform such other duties as may be incidental to the proper coordination of pretrial activities or authorized by further order of this Court;

       j. Serve as the primary contact for communications between the Court and other counsel;

       k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on counsel via the Court's electronic filing system);

       l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation;

       m. Allocate and apportion any Court-awarded attorneys' fees, costs, and expenses; and

       n. Perform all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

6. This Order shall apply to the Consolidated Action, and all actions subsequently filed in, transferred to, or removed to this Court that arise out of the same or similar set of operative facts as the Consolidated Action.

**IT IS SO ORDERED.**

DATED:                                       BY THE COURT:

                                                        _____